UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IRIS WEINSTEIN HAGGAI, on her own behalf and on behalf of JUDY LYNNE WEINSTEIN and GAD HAGGAI, JOHN DOE, RICHARD ROE, JANE MOE, SHLOMI ZIV, AYELET SAMERANO, on her own behalf and on behalf of YONATAN SAMERANO, TALIK GVILI, on her own behalf and on behalf of RAN GVILI, ROEE BARUCH, on his own behalf and on behalf of URIEL BARUCH, and JAMES POE, on his own behalf and on behalf of LEO POE,<br><br>                              Plaintiffs,<br><br>- against -<br><br>NERDEEN KISWANI, individually and as the representative of WITHIN OUR LIFETIME-UNITED FOR PALESTINE, MARYAM ALWAN, individually and as the representative of COLUMBIA STUDENTS FOR JUSTICE IN PALESTINE, CAMERON JONES, individually and as the representative of COLUMBIA-BARNARD JEWISH VOICE FOR PEACE, and MAHMOUD KHALIL, individually and as the representative of COLUMBIA UNIVERSITY APARTHEID DIVEST, COLUMBIA STUDENTS FOR JUSTICE IN PALESTINE, and COLUMBIA-BARNARD JEWISH VOICE FOR PEACE,<br><br>                              Defendants. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiffs, by and through undersigned counsel, respectfully submit this memorandum of law in support their motion for an order permitting John Doe, Richard Roe, Jane Moe, James Poe, and Leo Poe ("Movants") to proceed under pseudonym. These motions are regularly and rapidly

granted in similar cases, including as recently as last Friday. *See, e.g.*, *Kestenbaum v. President & Fellows of Harvard College*, No. 1:24-cv-10092-RGS (D. Mass. Mar. 21, 2025).

Plaintiffs are victims of Hamas' heinous and ongoing acts of international terrorism that began on October 7, 2023, the deadliest day for the Jewish people since the Holocaust. (Complaint ("Compl." ¶¶ 1, 13–21, 65–77.) Defendants are some of Hamas' key supporters in the United States: organizations and their leaders who further Hamas' continuing terror attacks with a flood of pro-terror propaganda and disruption. (*Id.* ¶¶ 1, 22–25.) This action seeks to hold Defendants liable for aiding and abetting Hamas' continuing acts of international terrorism and violating the law of nations.

James Poe is the father of Leo Poe, who was kidnapped by Hamas terrorists during the October 7 attack and remains Hamas' captive in Gaza to this day. (*Id.* ¶ 21.) John Doe and Richard Roe are students at Columbia University and reservists in the Israel Defense Forces who paused their studies to serve in Gaza for several months after Hamas's October 7 attack. (*Id.* ¶¶ 14–15.) Jane Moe is a student at Columbia University who previously served in the Israel Defense Forces and whose brother is actively serving. (*Id.* ¶ 16.) As alleged in the Complaint, Defendants are responsible for unleashing a campaign of antisemitic disruption, violence, and terror on Columbia's campus in support of the ongoing foreign terror attacks abroad. (*Id.* ¶¶ 94–171.)

Although a complaint ordinarily "must name all the parties," Fed. R. Civ. P. 10(a), courts have discretion to permit a plaintiff to litigate under a pseudonym in appropriate circumstances. *See Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188–91 (2d Cir. 2008). In evaluating a motion to proceed pseudonymously, "the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Id.* The Second Circuit has identified ten non-exhaustive factors that courts may consider in evaluating pseudonymity

applications,[1] but "a district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id.* at 191 n.4; *see, e.g.*, *Doe v. New York Univ.* ("*Doe v. NYU*"), 537 F. Supp. 3d 483, 496–97 (S.D.N.Y. 2021) (allowing pseudonymity without separately analyzing each factor).

*Sealed Plaintiff* factors two through four are the most salient in this case: "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties," "whether identification presents other harms and the likely severity of those harms," and "whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190 (cleaned up).

---

[1] The factors are:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (cleaned up).

3

Courts often heavily weigh these factors in allowing minority students and other vulnerable groups at risk of severe physical harm, retaliation, or reputational harm to proceed pseudonymously. *See, e.g.*, *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) (permitting party opposing removal to Haiti to proceed under a pseudonym because disclosure of his "HIV status, mental illness, and sexual orientation" "could place him in danger if he ever returns to Haiti"); *Doe v. Fashion Inst. of Tech.*, No. 25-cv-950 (JPC), 2025 WL 384562, at *1–*2 (S.D.N.Y. Feb. 4, 2025) (permitting Jewish student to proceed under a pseudonym in an action asserting the defendant "disregarded antisemitic acts on its campus" and "created a hostile environment," where the plaintiff was "subject to violent threats when her picture was posted on social media after she refused to accept a flier inviting students to sign a petition 'claiming that Jews of Israel are colonizers that engage in ethnic cleansing and commit genocide in Gaza'" (cleaned up)); *Doe v. NYU*, 537 F. Supp. 3d at 496–97 (allowing pseudonymity in action challenging plaintiff's suspension from NYU for violating COVID-19 protocols because revealing her identity might "expose her to potential online retaliation" and impede her career progress); *Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 272 (E.D.N.Y. 2015) (permitting pseudonymity in action challenging discriminatory policing, finding that minority plaintiffs' allegations of "repeated[] . . . unconstitutional actions" made their "fears of potential retaliation . . . appear reasonable").

Here, revealing the identifies of James Poe and Leo Poe would place Leo Poe in the gravest physical danger. Leo Poe was abducted by Hamas terrorists during the heinous attacks of October 7, 2023. (Compl. ¶ 21.) He has been held hostage in Gaza ever since. (*Id.* ¶ 21.) Hamas' cruelty knows no bounds. Hamas terrorists killed more than 1,200 innocent people on October 7 and kidnapped more than 200 others. (*Id.* ¶¶ 7, 65–77.) They have murdered and tortured their hostages. (*Id.* ¶ 67.) They have mutilated the bodies of their victims. (*Id.* ¶ 67.) And they even hold the bodies

of their murdered victims hostage unless Israel accedes to its political demands. (*Id.* ¶ 68.) If it were disclosed that James Poe and Leo Poe are seeking recovery from Hamas' close allies in the United States, it would only increase the already grave danger to Leo Poe's life.

John Doe, Richard Roe and Jane Moe should also be permitted to proceed under pseudonyms. Doe, Roe, and Moe are Jewish students at Columbia University and current and former IDF soldiers who have fought or have relatives who are fighting Hamas. They reasonably fear retaliation and reputational harms if they are required to reveal their identities. These fears are exceedingly well-founded. As detailed in the Complaint, Defendants have created an atmosphere of pervasive antisemitic harassment at Columbia University. (*See id.* ¶¶ 94–171.) Doe, Roe, and Moe have each been personally subjected to antisemitic harassment prompted by Defendants' conduct. (*Id.* ¶¶ 14–16.) Disclosure of their identities would almost certainly lead to further harassment—or worse.

Anonymity is further warranted because of the "overriding public interest in regulating the conduct at issue." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006). Although this factor typically favors anonymity in suits against governmental defendants, it also favors anonymity when defendants are not "ordinary private parties" and are involved in public-facing conduct. *See id.* (private school and teacher); *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (blood bank). Here, Defendants are engaged in public-facing conduct of the worst sort: ginning up support for the destruction of the State of Israel and the terrorizing of Jewish students on Columbia's campus and the surrounding areas in aid of terror attacks abroad. *(See* Compl. ¶¶ 97–173.) The public has an extraordinarily strong interest in regulating this heinous conduct, which further weighs in favor of permitting anonymity.

Other *Sealed Plaintiff* factors also support pseudonymity. Defendants can claim no prejudice by Movants' remaining anonymous, particularly at this early stage of the litigation; Movants' "identit[ies] [have] thus far been kept confidential"; and there is no alternative mechanism to protect Movants' confidentiality. *Sealed Plaintiff*, 537 F.3d at 190. Even assuming *arguendo* any other factor might not support pseudonymity, those factors would not outweigh Movants' strong interest in shielding their identities from public disclosure.

For the foregoing reasons, the Court should exercise its discretion to permit Movants to proceed pseudonymously.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

Dated: March 24, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Scott Bornstein* | */s/ Richard A. Edlin* |
| SCOTT J. BORNSTEIN | RICHARD A. EDLIN |

| | |
|---|---|
| **GREENBERG TRAURIG, LLP** | **HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC** |
| SCOTT J. BORNSTEIN | JASON TORCHINSKY* |
| bornsteins@gtlaw.com | jtorchinsky@holtzmanvogel.com |
| RICHARD A. EDLIN | SUSAN GREENE |
| edlinr@gtlaw.com | sgreene@holtzmanvogel.com |
| One Vanderbilt Avenue | N.Y. Bar No. 4687349 |
| New York, New York 10017 | 2300 N. Street NW, Suite 643 |
| T. 212.801.9200 | Washington D.C. 20037 |
| | T. 202.737.8808 |
| **GREENBERG TRAURIG, P.A.** | |
| ZACHARY NEEDELL* | **NATIONAL JEWISH ADVOCACY CENTER** |
| zachary.needell@gtlaw.com | MARK GOLDFEDER* |
| 401 East Las Olas Boulevard, Suite 2000 | mark@njaclaw.org |
| Fort Lauderdale, Florida 33301 | BEN SCHLAGER* |
| T. 954.765.0500 | ben@njaclaw.org |
| | ANAT ALON-BECK* |
| | Anat@njaclaw.org |
| **SCHOEN LAW FIRM, LLC** | ARIELLE F. KLEPACH* |
| DAVID SCHOEN | Arielle@njaclaw.org |
| N.Y. Bar No. 2700847 | LAUREN ISRAELOVITCH |
| schoenlawfirm@gmail.com | lauren@njaclaw.org |
| 2800 Zelda Road, Suite 100-6 | National Jewish Advocacy Center, Inc. |
| Montgomery, Alabama 36106 | International Legal Forum |
| T. 334.395.6611 | 1718 General George Patton Drive |
| F. 917.591.7586 | Brentwood, TN 37027 |
| | T. (800) 269-9895 |
| | F: (800) 758-5232 |

*Pro Hac Vice Application Forthcoming*

7