UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                           :

IRIS WEINSTEIN HAGGAI, on her own behalf   :
and on behalf of JUDY LYNNE WEINSTEIN    :
AND GAD HAGGAI, JOHN DOE, RICHARD     :             25-CV-2400 (JAV)
ROE, JANE MOE, SHLOMI ZIV, AYELET      :
SAMERANO, on her own behalf and on behalf of  :       OPINION AND ORDER
YONATAN SAMERANO, TALIK GVILI, on her   :
own behalf and on behalf of RAN GVILI, ROEE  :
BARUCH, on his own behalf and on behalf of   :
URIEL BARUCH, and JAMES POE, on his own    :
behalf and on behalf of LEO POE,            :
                           :

                Plaintiffs,        :

                           :

        -v-                      :

                           :

NERDEEN KISWANI, individually and as the    :
representative of WITHIN OUR LIFETIME-     :
UNITED FOR PALESTINE, MARYAM ALWAN,  :
individually and as the representative of       :
COLUMBIA STUDENTS FOR JUSTICE IN     :
PALESTINE, CAMERON JONES, individually    :
and as the representative of COLUMBIA-      :
BARNARD JEWISH VOICE FOR PEACE, and   :
MAHMOUD KHALIL, individually and as the    :
representative of COLUMBIA UNIVERSITY    :
APARTHEID DIVEST, COLUMBIA STUDENTS  :
FOR JUSTICE IN PALESTINE, and          :
COLUMBIA-BARNARD JEWISH VOICE FOR   :
PEACE,                           :
              Defendants.    :
------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Plaintiffs Iris Weinstein Haggai, on her own behalf and on behalf of Judy

Lynne Weinstein and Gad Haggai, John Doe, Richard Roe, Jane Moe, Shlomi Ziv,

Ayelet Samerano, on her own behalf and on behalf of Yonatan Samerano, Talik

Gvili, on her own behalf and on behalf of Ran Gvili, Roee Baruch, on his own behalf

and on behalf of Uriel Baruch, and James Poe, on his own behalf and on behalf of
Leo Poe ("Plaintiffs" or "Movants"), filed this suit against Nerdeen Kiswani,
individually and as the representative of Within Our Lifetime-United For Palestine,
Maryam Alwan, individually and as the representative of Columbia Students For
Justice In Palestine, Cameron Jones, individually and as the representative of
Columbia-Barnard Jewish Voice For Peace, and Mahmoud Khalil, individually and
as the representative of Columbia University Apartheid Divest, Columbia Students
For Justice In Palestine, and Columbia-Barnard Jewish Voice For Peace,
("Defendants") under the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333(d), and the
Alien Tort Statute ("ATS"), 28 U.S.C. § 1350.  ECF No. 1 ("Compl.").  At issue is
whether Plaintiffs John Doe, Richard Roe, Jane Moe, James Poe, and Leo Moe can
litigate this action under a pseudonym.  For the reasons stated below, the motion to
proceed under a pseudonym is GRANTED.

## BACKGROUND

Plaintiffs in this action are alleged victims of Hamas, a terrorist organization
with the goal of destroying the State of Israel.  Compl. at ¶ 3.  The catalyst of this
action are the terrorist attacks of October 7, 2023, when Hamas led an incursion
into Southern Israel and murdered more than 1,200 people.  *Id*. at ¶ 7.  In addition
to the lives lost, Hamas took more than 200 hostages back to Gaza.  *Id.*  In this
instant action, Plaintiffs allege that Defendants in this case "are Hamas'
propaganda arm in New York City and on the Columbia University campus."  *Id.* at
¶ 1.  Plaintiffs further allege that Defendants' acts done "in furtherance of their

goals to assist Hamas have included terrorizing and assaulting Jewish students, unlawfully taking over and damaging public and university property on Columbia's campus, and physically assaulting Columbia University employees." *Id.*

On March 24, 2025, Plaintiffs filed a Motion to Proceed Anonymously Pursuant to Fed. R. Civ. P. 10(a). ECF No. 4. Among the Plaintiffs seeking anonymity in this action are a parent of a current hostage in Gaza, reservists in the Israel Defense Forces ("IDF"), and an IDF veteran who is the family member of a soldier serving in the IDF. ECF No. 5 ("Pl. Br.") at 2.

## LEGAL STANDARD

Under Rule 10(a) of the Federal Rules of Civil Procedure, a "complaint must name all the parties." Fed. R. Civ. P. 10(a). This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). A district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to allow a party to proceed under a pseudonym. *Id.* at 189 (citation omitted).

The Second Circuit sets forth a "non-exhaustive" list of ten factors that a district court should consider when ruling on a motion to proceed anonymously. *Id.* at 189-90. Under *Sealed Plaintiff*, the factors are:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed

anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*See id.* at 190 (cleaned up).  "[P]seudonyms are the exception and not the rule, and in order to receive the protections of anonymity, a party must make a case rebutting that presumption."  *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020).

## DISCUSSION

After giving due consideration to all of the *Sealed Plaintiff* factors, the Court finds that, upon balance, the factors weigh in favor of anonymity. In particular, the first, second, and third *Sealed Plaintiff* factors weigh heavily in favor of Plaintiffs. *Sealed Plaintiff*, 537 F.3d at 191 n.4 ("[A] district court is not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion.").

Under the first *Sealed Plaintiff* factor, the Court analyzes whether the litigation involves matters of a sensitive and personal nature. The heart of this factor concerns whether the "normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12 Civ. 6152(VM)(KNF), 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citations omitted). Courts in this district have consistently held that "public humiliation and embarrassment. . . are not sufficient grounds for allowing a plaintiff in a civil suit to proceed anonymously." *Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996). At this juncture, it is plausible that revealing the Movants' identities would go beyond causing mere humiliation and embarrassment. The Movants, as described earlier, include a parent of a current hostage from October 7, reservists in the IDF, and an IDF veteran who is the family member of a soldier serving in the IDF. It is reasonable that the disclosure of the Movants' identities could potentially expose the Movants to severe harassment —or worse—as detailed in the discussion of the second and third *Sealed Plaintiff* factors.

The second and third *Sealed Plaintiff* factors, most pertinent here, address the harm that would occur from the disclosure of Movants' identities. *See Sealed Plaintiff*, 537 F.3d at 190. The relevant inquiry is "whether disclosure of the plaintiff's name in the course of the lawsuit would 'uniquely' cause harm and 'how grave the resultant harm would prove to be.'" *Doe 1 v. Branca, USA, Inc.,* No. 22-CV-3806 (LJL), 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022) (citing *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528-29 (S.D.N.Y. 2021)). More critically, a Court must consider "whether identification poses a risk of retaliatory physical or mental harm . . . to innocent non-parties." *See Sealed Plaintiff*, 537 F.3d at 190 (alterations in the original). A "plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of [their] identity." *Doe v. Freydin*, 21 Civ. 8371 (NRB), 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021) (citing *Doe v. Gong Xi Fa Cai, Inc.*, No. 19-CV-2678(RA), 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019)).

Movants allege that revealing the identities of James Poe and Leo Poe would "place Leo Poe in the gravest physical danger." Pl. Br. at 4. Leo Poe is one of the hostages who was abducted by Hamas on October 7, 2023, and has been held in Gaza ever since. *Id.*; *see also* Compl. ¶ 21. James Poe and Leo Poe have filed this suit against Defendants, whom they allege are "Hamas' close allies in the United States." Pl. Br. at 5. While the Court makes no judgment on the merits of these allegations, the Court does recognize the highly sensitive nature of this proceeding. Hamas is responsible for the killing of more than 1,200 people on October 7, 2023,

6

and the kidnapping of more than 200 others.  Compl. ¶¶ 7, 65-77.  It is plausible that Hamas could murder Leo Poe in response to this action which his father, James Poe, brings.  Erring on the side of caution, this Court finds it appropriate to weigh this factor heavily in favor of anonymity as to James Poe and Leo Poe.

For similar reasons, this Court finds that these factors also weigh heavily in favor of John Doe, Richard Roe and Jane Moe proceeding under pseudonyms.  "Doe, Roe, and Moe are Jewish students at Columbia University and current and former IDF soldiers who have fought or have relatives who are fighting Hamas [who] reasonably fear retaliation and reputational harms if they are required to reveal their identities."  Pl. Br. at 5.  Doe, Roe, and Moe allege that they have each been "personally subjected to antisemitic harassment prompted by Defendants' conduct." *Id.*  Examples of alleged antisemitic harassment experienced by Movants include a classmate approaching Roe, stating that they "declare[] their support for Hamas as a 'freedom fighter' group," and telling Roe that "his family and friends live on stolen land."  Compl. ¶ 15.  Another example alleged is that "a student accosted Roe as he was standing at a pro-Israel table at the campus clubs fair, put pro-Hamas stickers on their materials, pushed the table, and ripped up the sign-up papers."  *Id.*

As in *Doe v. Fashion Inst. of Tech.*, where a Jewish student was permitted to proceed under a pseudonym to prevent her from being subjected to further violent threats related to the Israel-Palestine conflict, the disclosure of Doe, Roe, and Moe's identities could subject them to further threats and harassment.  25 Civ. 950 (JPC), 2025 WL 384562, at *1-2 (S.D.N.Y. Feb. 4, 2025); *see also Doe v. N.Y.U.*, 537 F.

Supp. 3d 483, 496-97 (S.D.N.Y. 2021) (allowing Plaintiff to proceed anonymously after finding that "identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously"); *Doe v. Townes*, 19-cv-8034 (ALC) (OTW), 2020 WL 2395159, at *4 (S.D.N.Y. May 12, 2020) ("If disclosure creates risk of harm from third parties, disclosure is disfavored."). As such, these factors weigh in favor of the Movants.

Finally, the Court notes that, under the seventh *Sealed Plaintiff* factor, Movants' identities have "thus far been kept confidential." Pl. Br. at 6. Movants also claim that there are no alternative mechanisms to protect their identities. *Id.* This factor therefore weighs in favor of allowing Movants to proceed under a pseudonym.

## CONCLUSION

After an analysis of the *Sealed Plaintiff* factors set forth by the Second Circuit, and in light of the highly sensitive nature of this suit, this Court finds that anonymity at this current stage of the litigation weighs in favor of the Movants. Accordingly, Plaintiffs' Motion to Proceed Under Pseudonym is **GRANTED**. Once Defendants appear in this litigation, however, they can file a motion to revisit this issue. The Clerk of Court is directed to terminate ECF No. 4.

SO ORDERED.

Dated:  April 17, 2025
      New York, New York

                            _____
                            JEANNETTE A. VARGAS
                            United States District Judge