

Richard A. Edlin
Vice Chairman
Tel 212.801.9200
Fax 212.801.6400
edlinr@gtlaw.com

May 30, 2025

**VIA ECF**

Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Haggai et al. v. Kiswani et al.*, 1:25-cv-02400-JAV

Dear Judge Vargas:

  We represent Plaintiffs in the above-referenced action. We respectfully submit this letter requesting that the Court accept the Amended Complaint as the operative pleading in this action and set aside an administrative deficiency notice issued by the Clerk's office.

  On May 26, the parties submitted a letter stating that "Plaintiffs intend to amend their complaint by May 29, 2025" and jointly proposing a briefing schedule for motions to dismiss the amended pleading. (ECF No. 34.) The Court so-ordered the briefing schedule on May 28. (ECF No. 35.) Plaintiffs filed the Amended Complaint yesterday evening. (ECF No. 36.)

  This afternoon, the Clerk's office issued a notice stating that the "filing is deficient for the following reason(s): the pleading is amended more than 21 days after service of the original pleading; the order granting permission to file the pleading was not attached; Court's leave has not been granted." Plaintiffs respectfully submit that they properly amended the Complaint as of right. As many courts have held, Rule 15(a)(1) creates a single, unified period to amend as of right that extends to 21 days after service of an answer or a motion to dismiss. *See, e.g.*, *Insituform Techs., LLC v. Liberty Mut. Ins. Co.*, No. 19-CV-6873 (CJS), 2021 WL 307565, at *3 (W.D.N.Y. Jan. 29, 2021) (explaining that "Rule 15(a)(1)(A)–(B) does not create a 'time gap' following service of the complaint, but before the filing of the responsive pleading or motion under Rule 12, during which a party cannot amend its complaint once as a matter of right") (citing *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015)); *Barrientos Arita v. Victor's Café, LLC*, No. 15-CV-81269, 2015 WL 12672721, at *1 (S.D. Fla. Nov. 17, 2015) ("The Amended Complaint was filed before the Defendant served any responsive pleading and was, therefore, timely."). Here, no defendant has answered or moved to dismiss, so Plaintiffs properly amended as of right.

  In these circumstances, the Court should set aside the Clerk's deficiency notice and accept the Amended Complaint as the operative pleading. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955

GT GreenbergTraurig

F.3d 299, 303 (2d Cir. 2020) (holding that the "amended complaint, filed as a matter of right and seemingly in compliance with the express instructions of the district court, should have been accepted by that court," where Clerk incorrectly labeled the pleading deficient).

The parties followed a transparent and orderly process, no party can claim surprise or prejudice, and Plaintiffs were within the time period to amend as of right. Accordingly, we respectfully request that the Court accept the Amended Complaint as the operative pleading.

We thank the Court for its consideration.

Respectfully submitted,

/s/ *Richard A. Edlin*
Richard A. Edlin

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com