# David I. Schoen
Attorney at Law

June 9, 2025

| | |
|---|---|
| Admitted in<br>Alabama<br>Maryland<br>New York<br>District of Columbia | 2800 Zelda Road<br>Suite 100-6<br>Montgomery, AL 36106<br><br>Telephone<br>334.395.6611<br><br>Facsimile<br>917.591.7586<br><br>Email<br>david@schoenlawfirm.com |

Honorable Jeannette A, Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

- Via ECF   *   *Haggai et al. v. Kiswani, et al.*, 1:25-cv-02400-JAV

Dear Judge Vargas:

I am writing on behalf of the Plaintiffs in the above-referenced case, pursuant to Sections 3. A. and E. of Your Honor's Individual Rules and Practices in Civil Cases.

I am writing specifically to respond to a letter defense counsel wrote to the Court, dated June 6, 2025 (ECF. No. 42), which purports to be a request "jointly" made by the parties to extend the previously agreed upon (and Court ordered) deadline for Defendants to respond to the Complaint in this case (See ECF Nos. 34 & 35). Plaintiffs consented to the Defendants' request to extend their deadline as a matter of professional courtesy and consistent with Section 1. of Your Honor's Individual Rules and Practices in Civil Cases; but Plaintiffs would like to clarify that this is not a "joint" request.

As a practical matter, with respect to the relief Defendants seek, perhaps there is little difference; but Section 3. E. (2) requires the parties to advise the Court as to the number of previous requests for an adjournment or extension of time that have been made and it is not accurate to assert (as defense counsel has in the June 6th letter) that this is "the Parties' second request to vacate the responsive pleading deadline." (ECF No. 42). Rather, this is a unilateral request by Defendants, with Plaintiffs' consent (See Section 3. E. (5)).

On April 25, 2025, Defendants filed a letter motion requesting their first extension of time to respond to the Complaint, asking the Court to extend their respective responding dates from various dates in April to a uniform date for all Defendants of May 30, 2025. Defense counsel elicited Plaintiffs' consent to their request and it was given; accordingly, the motion was filed as Defendants' request for an extension of time on consent (ECF No. 22). On April 28, 2025, the Court granted Defendants' extension request and So Ordered the proposed schedule (ECF No. 28).

Thereafter, Plaintiffs decided to file an Amended Complaint and defense counsel were so advised, with the Amended Complaint to be filed on May 29, 2025. Defense counsel wrote to Plaintiffs' counsel and asked for consent to a fourteen (14) day extension of time to file their responsive pleadings. Plaintiffs' counsel responded by advising defense counsel that Defendants would automatically have a fourteen (14) day extension of time by operation of law under Rule

1

15(a)(3) of the Federal Rules of Civil Procedure and that no motion would be necessary. Nevertheless, defense counsel insisted on filing a letter motion on May 26, 2025, seeking another extension of time, asking the Court to extend their responsive pleading deadline by fourteen (14) days in light of the Amended Complaint, while keeping the respective response and reply periods the same (45 days and 14 days, respectively) (ECF No. 34). While, again, Plaintiffs consented to the requested relief (or, more accurately, advised defense counsel that Rule 15(a)(3) provided this exact relief without the need for a motion), defense counsel submitted their letter motion as a "joint request" under Rule 15(a)(3) (which makes such a request unnecessary). On May 28, 2025, the Court So Ordered the extension and proposed schedule (ECF No. 35).

That brings us to the instant motion. On June 5, 2025, defense counsel wrote to Plaintiffs' counsel, unilaterally advising us that since the Court had on that date "accepted" the Amended Complaint that had been filed as of right under Rule 15(a)(1)(B) on May 29th , Defendants would be filing their response to the Amended Complaint a week later than provided for in the agreed upon and So Ordered schedule and that no amended briefing schedule would be required (Exhibit 1 at P. 3, 6/5/2025 email at 4:28 p.m. PST).[1]

We responded by asking defense counsel if they had any authority for unilaterally giving themselves license to deviate from the schedule or for requiring that an Amended Complaint filed under these circumstances needed to be "accepted" (Exhibit 1 at Pgs. 2-3, 6/5/2025 email at 1:40 EST).

Defense counsel responded without providing any authority and instead just repeated that it was their "position" that since the Amended Complaint was "in limbo" (notwithstanding the fact that the scheduling agreement then in place was based on the fact that an Amended Complaint would be filed as of right), they automatically had an extra week beyond the scheduling order and if we preferred, they could file a motion unilaterally, letting the Court know their position. Defense counsel expressly noted that "it would not need to be a joint letter." (Exhibit 1 at P. 2, 6/5/2025 email at 6:00 p.m. EST).

Finally, we sent two emails in reply. We set out our position as to why Plaintiffs' position seemed disingenuous and added a personal note that we might have expected a different approach from defense counsel, especially on the very day on which the remains of our client's parents which had been held hostage by Hamas for 608 days after the terrorists brutally murdered them finally were returned. Nevertheless, we told defense counsel that we would consent to them taking an extra week, with the response and reply dates adjusted accordingly, solely as a matter of courtesy and true to the principles we apply in our law practices, no matter

---

[1] A copy of the June 5, 2025 email exchange on this subject is attached hereto as Exhibit 1 (See Section 3. A. of the Court's Individual Rules and Practices in Civil Cases). It is provided in reverse chronological order.

how opposing counsel chooses to proceed (Exhibit 1 at Pgs. 1-2, 6/5/2025 emails at 6:57 p.m. and 7:35 p.m. EST).

At no time was a "joint" motion ever contemplated or discussed and we certainly never authorized defense counsel to represent to the Court that their motion was a joint motion. Indeed, Plaintiffs have not yet sought an extension of time in this case for any reason. I apologize for burdening the Court with this letter; but it is important to us for the Court to have accurate information, especially on criteria the Court clearly finds relevant, given the language in Your Honor's Individual Rules and Practices in Civil Cases.

Respectfully,

David I. Schoen

cc: All counsel of record (via ECF)