# David I. Schoen
Attorney at Law
Admitted in Alabama, Maryland, New York, District of Columbia

2800 Zelda Road, Suite 100-6, Montgomery, AL 36106
Telephone 334.395.6611
Facsimile 917.591.7586
Email david@schoenlawfirm.com

June 10, 2025

Honorable Jeannette A, Vargas
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007

    \*   Via ECF   \*     *Haggai et al. v. Kiswani, et al.*, 1:25-cv-02400-JAV

Dear Judge Vargas:

    I certainly did not anticipate having to write further on this subject and very much regret burdening the Court and belaboring the matter; but I will not let our clients be subjected to the disinformation reflected in defense counsel's letter of earlier today (ECF No. 44) and must briefly reply. This letter assumes familiarity with all recent correspondence on this subject (ECF Nos. 42, 43, 44).

    In his June 10th letter, Defendant Khalil apologizes for the "imprecise" language generating "wholly unnecessary correspondence" in a letter that is itself, indeed, wholly unnecessary.[1] If "imprecise" language were the only issue with the letter, I can assure the Court that this letter would not have followed. Khalil's letter, however, is disingenuous (at best) in the ways described below.

    Khalil refers to my June 9th letter (ECF No. 43) as a "perceived opportunity to "undermine (our) own written agreement regarding the schedule," arguing that advising the Court that defense counsel improperly characterized the request for a third extension as a "joint" request, was somehow an attempt to deny our consent to their request (ECF No. 44 at 1). A simple reading of my letter immediately demonstrates the absurdity of that claim. In paragraphs 2, 3, 4, 5, and 9 of my letter, I expressly advised the Court that Plaintiffs consented to Defendants' request for an extension. I then provided the email exchange reflecting that consent (ECF No. 43; 43-1). There is no basis for Khalil's aspersions.

    Khalil's next assertion, at this point, is nothing short of inexcusable. Khalil asserts that "Plaintiffs' (sic) filed their FAC late and without leave of court" and he explains that Defendants did not "pile on and seek dismissal" because they had agreed to the filing date and "honored that

---

[1] The "imprecise" language, of course, was not just styling the defense letter motion (ECF No. 42) as a "jointly" filed motion; rather defense counsel also "imprecisely" represented to the Court that this was the second request for an extension of time both parties have made. In truth, as set out in my June 9th letter, it was actually the third extension request Defendants have made (ECF No. 43 at 1-2). Like each of the previous extension requests, Plaintiffs consented as a matter of professional courtesy. Plaintiffs have not yet made a single extension request. It is fair for Plaintiffs to expect accurate representations by defense counsel, especially on criteria specifically required by the Court's Individual Practices and Rules in Civil Cases (Sec. 3. E. (2)).

accommodation despite the advantage it (sic) could seek from Plaintiffs' failure to follow the rules." (ECF No. 44 at 1).

By this point, one thing all defense counsel must know for sure is that Plaintiffs **did not** file the Amended Complaint late and that Plaintiffs **followed the rules**. Plaintiffs timely filed their Amended Complaint as of right under Rule 15(a)(1)(B). This has been discussed at length (See e.g. ECF Nos. 39, 43 at 2). A plain reading of the rule makes this clear and, if it did not, the 2009 and 2023 amendments to Rule 15 further clarify it. The Clerk of Court's office made an administrative error in issuing its deficiency notice by misunderstanding Rule 15(a)(1).[2] It is one thing to try to exploit the administrative error by seeking a one week extension of time; it is quite another at this point to represent to this Court that Plaintiffs filed their Amended Complaint late and that Defendants magnanimously refrained from having it dismissed. This was no "accommodation" by Defendants. A motion to dismiss the Amended Complaint as untimely would have blatantly run afoul of Rule 11. That should be sufficient reason to refrain. It is inappropriate for Khalil to misrepresent the law regarding the filing of the Amended Complaint.

It is hard to know what Khalil means by not seeking advantage from defense counsel's inadvertent inclusion in an email by one of Plaintiffs' attorneys discussing a tentative plan to timely amend the Complaint (ECF No. 44 at 2). There was no advantage to take. Plaintiffs ultimately decided to timely file the Amended Complaint and advised defense counsel of their decision. Notwithstanding the provision in Rule 15(a)(3) for a 14 day response period, defense counsel advised that they wanted to file a motion seeking the time period to which they were entitled by operation of law and Plaintiffs readily consented.

Plaintiffs take very seriously their responsibility to be accurate and forthright with respect to every representation to the Court and are committed to working through matters with opposing counsel professionally and courteously at all times, exactly as Your Honor's Individual Practices and Rules contemplate and as all courts should expect. We will not, however, allow misrepresentations and unfair aspersions to go unanswered. It is our hope that this will be the last time in this case that we have to address this kind of thing.

Respectfully,
David I. Schoen

---

[2] This is the second case in a row in which I have encountered this error; so when the deficiency notice was entered in this case, I called the Clerk's Office to see why it was entered. I spoke with staff members in the docketing division and the case opening division and with a supervisor. Each person advised that the deficiency notice was consistent with the training they had received on Rule 15(a)(1)'s application. That training reflects a misunderstanding of the rule. Accordingly, I contacted the Clerk of Court and explained the problem at some length in a letter with relevant authority. The Clerk of Court graciously responded by acknowledging the error, thanking me for pointing it out, and assuring that the training would be corrected.