UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAGGAI *et al.*,<br><br>    *Plaintiffs*,<br><br>  v.<br><br>KISWANI *et al.*,<br><br>    *Defendants*. | No. 25-Civ-2400(JV) |

**REQUEST IN SUPPORT OF MOTION TO DISMISS FOR JUDICIAL NOTICE AND FOR THE COURT TO CONSIDER DOCUMENTS INCORPORATED BY REFERENCE IN THE AMENDED COMPLAINT**

  Defendant Maryam Alwan hereby requests that this Court take judicial notice of certain documents, attached to the Declaration of Joseph Pace, and to consider certain documents incorporated by reference in the First Amended Complaint ("FAC").

## **ARGUMENT**

I. **THE COURT SHOULD TAKE JUDICIAL NOTICE OF EXHIBITS 1-6 ATTACHED TO THE PACE DECLARATION**

  A court ruling on a motion to dismiss may properly consider documents subject to judicial notice under Federal Rule of Evidence 201(b). *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, LP*, No. 13-cv-1654 (RA), 2014 WL 2610608, at *15 n.16 (S.D.N.Y. June 10, 2014) (judicially noticed matters may be considered on a motion to dismiss because they are "not considered matters outside the pleadings"); *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 426 (2d Cir. 2008)*; Gilbert v. N. Am. Airlines*, 2014 WL 1271057, at *1 n.1 (E.D.N.Y. Mar. 26, 2014). A fact is judicially noticeable if it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's jurisdiction; or (2) can be accurately and readily

1

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A court has discretion to take judicial notice on its own; however, where a party requests judicial notice and supplies the "necessary information" showing that the documents satisfy Rule 201(b)'s criteria, judicial notice is mandatory. Fed. R. Evid. 201(c)(2).

1. **Exhibit 1**. Congressional Research Service, "Israel and Hamas October 2023 Conflict: Frequently Asked Questions (FAQs)," R47754 (Oct. 20, 2023). *Available at* https://www.congress.gov/crs-product/R47754#:~:text=Since%202007%2C%20Gaza%20has%20faced,electricity%20and%20safe%20drinking%20water.

2. **Exhibit 2**. Congressional Research Service, "Israel and Hamas Conflict in Brief," R47828 (Oct. 4, 2024). *Available at* https://sgp.fas.org/crs/mideast/R47828.pdf.

These documents recount that (1) in response to the October 7 attacks, the Israeli Government "almost completely halted the supply of electricity, food, water, and fuel to Gaza, which before the conflict had already faced crisis-level economic and humanitarian conditions"; and (2) that, by October 2024, 90% of Gaza's population had been displaced. The Court can take judicial notice of such facts, particularly when contained in CRS reports. *See Kareem v. Haspel*, 986 F.3d 859, 866 n.7 (D.C. Cir. 2021) (taking notice of facts within a CRS report on conflict in Syria); Charles A. Wright & Arthur A. Miller, 21B Federal Practice & Procedure § 5106.3 & n.18 (2d ed. 2022) (noting that government records are generally proper sources from which adjudicative facts can be judicially noticed); *Farook v. Holder*, 407 Fed. Appx. 545, 547 (2d Cir. 2011) (taking notice of facts within a State Department Country Report on Human Rights Practices in Sri Lanka); *Namo v. Gonzales*, 401 F.3d 453, 458 (6th Cir. 2005) (taking judicial notice, in appeal denying asylum under Convention Against Torture, of changed circumstances in Iraq since fall of Saddam Hussein's regime); *Giday v. Gonzales*, 434 F.3d 543, 556 n.6 (7th Cir. 2006) (court may take judicial notice of country's current human rights conditions in foreign country).

3. **Exhibit 3**. Application Instituting Proceedings, *South Africa v. Israel* (filed Dec. 29, 2023), International Court of Justice. *Available at* https://www.icj-cij.org/sites/default/files/case-related/192/192-20231228-app-01-00-en.pdf

This Application details public statements by Israeli officials which, South Africa contended, demonstrated genocidal intent. Alwan does not seek judicial notice for the truth of the Application's allegation that Israel acted with genocidal intent. Instead, she seeks judicial notice of that fact that public outlets recorded Israeli officials making the statements in question, and the fact that an Application alleging genocide was filed with the ICJ. *See, e.g., Hawaii v. Trump*, 859 F.3d 741, 773 n. 14 (9th Cir. 2017) (taking judicial notice of public statements made by President Trump on Twitter); *Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008) ("it is proper to take judicial notice of the fact that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents" to determine what is in the public domain).

4. **Exhibit 4**. World Food Program, "New Gaza Food Security Assessment Sees Famine Risk Persisting Amid Ongoing Fighting and Restricted Aid Operations" (Oct. 17, 2024). *Available at* https://www.wfp.org/news/new-gaza-food-security-assessment-sees-famine-risk-persisting-amid-ongoing-fighting-and

This is a Press Release by the UN World Food Program, describing its assessment that high risk of famine persisted in Gaza as of October 2024. The Court may take judicial notice of the fact that this assessment was publicly made. *See Barber v. Nestle USA, Inc.*, 154 F.Supp. 3d 954, 958 n.1 (C.D. Cal. 2015) (documents published by the United Nations "are published by a governmental entity and are not subject to reasonable dispute, and, accordingly, they are appropriate for judicial notice").

5. **Exhibit 5**. Zeina Jamaluddine *et al.*, "Traumatic Injury Mortality in the Gaza Strip from Oct 7, 2023, to June 30, 2024: A Capture–Recapture Analysis," THE LANCET, Volume 405, Issue 10477, 469-477 (Feb. 8, 2025). *Available at* https://www.thelancet.com/journals/lancet/article/PIIS0140-6736(24)02678-3/fulltext

6. **Exhibit 6**. "Gaza Death Toll Has Been Significantly Underreported, Study Finds," CNN (Jan. 9, 2025). *Available at* https://edition.cnn.com/2025/01/09/middleeast/gaza-death-toll-underreported-study-intl/index.html

Exhibits 5 and 6 are a study, and public coverage of a study, which concluded that the actual death toll in Gaza was far higher than what was being reported by the Gaza Ministry of Health. The Court may take judicial notice not for the truth of the study's conclusion, but for the fact that its conclusions were made and widely publicized. *Staehr*, 547 F.3d at 425; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) (taking judicial notice of statements in newspapers as an indication of what information was in public realm at relevant time).

## II. THE COURT MAY CONSIDER EXHIBITS 7-12 BECAUSE THEY ARE INCORPORATED BY REFERENCE INTO THE AMENDED COMPLAINT

The Second Circuit has consistently held documents that are referenced in or integral to a complaint may be considered on a motion to dismiss. *See, e.g., Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 352 n.3 (2d Cir. 2022). The purpose of that rule is to prevent plaintiffs from "quot[ing] only selected and misleading portions of such documents" to survive a motion to dismiss and "extract nuisance settlements." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773-74 (2d Cir. 1991).

Incorporation-by-reference allows courts to consider the full text of the incorporated documents, including portions not mentioned in the complaint. *Bristol-Myers Squibb Co.*, 28 F.4th at 352 n.3 (documents incorporated into or integral to a complaint that are "partially quoted therein may be incorporated by reference in full"). Moreover, to the extent an incorporated document contradicts conclusory allegations in the complaint, courts need not take those allegations as true. *Alexander v. The Bd. of Educ. of City of New York*, 648 F. App'x 118, 121 (2d

Cir. 2016) (rejecting "attenuated allegations" that were "contradicted [] by . . . documents incorporated by reference"); *Rosen v. Prudential Ret. Ins. & Annuity Co.*, 718 F. App'x 3, 7 (2d Cir. 2017).

Accordingly, it is appropriate for the Court to consider these documents because each is incorporated by in the FAC:

7. **Exhibit 7.** Affidavit of Maryam Alwan dated March 11, 2024, *Columbia SJP v. Columbia*, No. 152220/2024 (filed Mar. 11, 2024) (NYSCEF Doc. No. 3). This is cited in footnote 9 of the FAC.

8. **Exhibit 8.** Charles Asher Small *et al.*, "Antisemitism Violent Extremism and the Threat to North American Universities: The Contextualization of the National Students for Justice in Palestine," Institute for the Study of Global Antisemitism and Policy, (pages 12-13) (Oct. 2019). *Available at* https://isgap.org/wp-content/uploads/2019/10/NSJP- 2019-ISGAP-Report-Long-Version.pdf. This is cited in footnote 64 of the FAC.

9. **Exhibit 9.** Arno Rosenfeld, "The Secret History and Uncertain Future of Students for Justice in Palestine," FORWARD (Dec. 20, 2023). *Available at* https://forward.com/news/574014/students-for-justice-in-palestine-history-operations-network-nationalsjp/. This is cited in footnote 67 of the FAC.

10. **Exhibit 10**. Dion Pierre, "Ilhan Omar Silent After Daughter's Arrest, Suspension for Role in Columbia University Anti-Israel Protest," THE ALGEMEINER (Apr. 19, 2024). *Available at* https://www.algemeiner.com/2024/04/19/ilhan-omar-silent-daughters-arrest-suspension-role-columbia-university-anti-israel-protest/. This is cited in footnote 144 of the FAC.

11. **Exhibit 11**. Joe Marino, *et al.*, "Wife of Convicted Terrorist Sami Al-Arian Was Hanging Out at Columbia Encampment Before Dramatic Raid," NEW YORK POST (May 1, 2024). *Available at* https://nypost.com/2024/05/01/us-news/wife-of-convicted-terrorist-was-at-columbia-encampment-before-raid/. This is cited in footnote 153 of the FAC.

12. **Exhibit 12**. JB Nicholas, "Complete List and Profiles of All Protesters Arrested Inside Hamilton Hall at Columbia University," THE FREELANCE (last visited June 19, 2025). *Available at* https://www.thefreelancenews.org/home/complete-list-amp-

*profiles-of-all-protesters-arrstd-inside-hamilton-hall-columbia-university.* This is cited in footnote 160 of the FAC.

Dated: June 19, 2025
      New York, NY

                                        Respectfully submitted,

                                        /S/  Joseph Pace
                                        J. PACE LAW, PLLC
                                        30 Wall Street, 8th Floor
                                        New York, NY 10005
                                        Tel: (917) 336-3948
                                        jpace@jpacelaw.com