**J. Pace Law, PLLC**

30 Wall Street, 8th Floor
New York, NY 10005
jpace@jpacelaw.com
(917) 336-3948

<u>Via ECF</u>                                                                                                                    August 3, 2025
Hon. Jeannette Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  *Re:*   Letter Brief in Support of Motion to Dismiss,
      <u>*Haggai et al., v. Kiswani et al.*, 25-civ-2400(JV)</u>

Dear Judge Vargas,

  I write on behalf of Defendant Cameron Jones to join the arguments set forth in the motion to dismiss by Defendant Maryam Alwan, *see* ECF Nos. 71-72, and the motion to dismiss and strike by Columbia-Barnard Jewish Voice for Peace ("Columbia JVP"). *See* ECF No. 70.

  To the extent Plaintiffs sue Jones in his "representative capacity" as the supposed president or de facto president of Columbia JVP, the real party in interest is Columbia JVP itself. For the reasons set forth in Alwan and Columbia JVP's motions, the Second Amended Complaint ("SAC") fails to state an aiding-and-abetting claim against Columbia JVP—or any other Associational Defendant for that matter.

  Nor does the SAC come anywhere close to pleading a claim against Jones in his individual capacity. Indeed, Plaintiffs do not even make a passing effort to substantiate to their scurrilous accusation that Jones is a part of or "advertise[s]" himself as part of Hamas's "propaganda arm." SAC ¶ 1. The totality of the facts alleged against Jones are as follows: (1) he is president or de facto president of Columbia JVP, *id.* ¶ 32; (2) he "particiapt[ed] in the coordination of actions and events" and spoke "with university administrators, and [Columbia JVP's] student club advisors, *id.* ¶ 33; (3) he maintained access to Columbia JVP's "official email inbox" and Instagram account, *id.* ¶ 34; (4) he attended several pro-Palestine demonstrations, was present at the Encampment, and sat in on a lecture workshop, *id.* ¶¶ 76, 121, 136, 155; and (5) he described a peaceful protest as "impactful." *Id.* ¶ 123.

  Plaintiffs do *not* allege that: Jones provided any assistance whatsoever to Hamas, directly or otherwise; that he communicated, coordinated, or took direction from Hamas members; that he was aware of anyone within the student protest movement who communicated or coordinated with Hamas; that he participated in or called for violence of any sort; that he endorsed the targeting of civilians; that he made or endorsed anti-Semitic remarks; that he broke any laws or advocated lawlessness; or that he participated in protest activities for any reason other than to express a

genuinely held belief that Israel's treatment of the Palestinians is unlawful and unjust. Nor does the SAC allege that Jones has ever met, interacted with, provided support to, received support from, or was even aware of the existence of Defendant Tarek Bazrouk. The totality of the allegations against Jones describe nothing more than peaceful, First Amendment-protected political advocacy.

For these reasons the claims against Mr. Jones should be dismissed in their entirety, and the improper and inflammatory allegations in the SAC should be stricken.

Respectfully submitted,

/S/ Joseph Pace
J. PACE LAW, PLLC
30 Wall Street, 8th Floor
New York, NY 10005
Tel: (917) 336-3948
jpace@jpacelaw.com