UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------x

IRIS WEINSTEIN HAGGAI, on her own behalf and on behalf of JUDITH LYNNE WEINSTEIN HAGGAI and GAD HAGGAI, JOHN DOE, RICHARD ROE, JANE MOE, SHLOMI ZIV, AYELET SAMERANO, on her own behalf and on behalf of YONATAN SAMERANO, TALIK GVILI, on her own behalf and on behalf of RAN GVILI, ROEE BARUCH, on his own behalf and on behalf of URIEL BARUCH, and JAMES POE, on his own behalf and on behalf of LEO POE,

Plaintiffs,

against

NERDEEN KISWANI, individually and as the representative of WITHIN OUR LIFETIMEUNITED FOR PALESTINE, MARYAM ALWAN, individually and as the representative of COLUMBIA STUDENTS FOR JUSTICE IN PALESTINE, CAMERON JONES, individually and as the representative of COLUMBIABARNARD JEWISH VOICE FOR PEACE, and MAHMOUD KHALIL, individually and as the representative of COLUMBIA UNIVERSITY APARTHEID DIVEST, COLUMBIA STUDENTS FOR JUSTICE IN PALESTINE, and COLUMBIA-BARNARD JEWISH VOICE FOR PEACE,

Defendants.
------------------------------------------------------------------------------------x

Case No. 1:25-cv-02400
Hon. Jeannette A. Vargas

DECLARATION IN SUPPORT OF DEFENDANT NERDEEN KISWANI'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT IN HER PERSONAL AND ALLEGED REPRESENTATIVE <u>CAPACITIES</u>

**DECLARATION IN SUPPORT OF MOTION TO DISMISS**

I, Collin Poirot, do hereby declare as follows:

1. I am an attorney admitted to practice in New York and in the Southern District of New York. I am counsel to defendant Nerdeen Kiswani, and submit this declaration in support of the Defendant's motion to dismiss.

2. In the interest of efficiency, Ms. Kiswani respectfully joins and adopts the Motions to Dismiss and to Strike filed by Co-Defendants, and supporting documents. *See generally*, Dkt. Nos. 70-80.

3. For the purpose of clarity, Ms. Kiswani specifically adopts the following relevant arguments presented in Co-Defendants' briefs which are applicable to her and to Within Our Lifetime:

   a. The argument that standing to sue under Article III of the U.S. Constitution requires Plaintiffs' injuries to be fairly traceable to Defendants' alleged conduct (*see e.g.*, Dkt. 70, pp. 27-29);

   b. The argument that Plaintiffs fail to establish standing because their injuries are not fairly traceable to Defendants' conduct (*see e.g.*, Dkt. 70, 27-29);

   c. The argument that the standard of review under Rule 12(b)(6) of the Federal Rules of Civil Procedure is as stated in *Twombly* and *Iqbal*, and that group pleadings are not permissible (*see e.g.*, Dkt. 70, pp. 6-8);

   d. The argument that Plaintiffs' claim under the ATA fails under Rule 12(b)(6) because (1) they fail to plausibly allege Defendants provided substantial assistance to an act of international terrorism, (2) participated in it as something they wished to bring about, or (3) that their actions *caused* Plaintiffs' injuries (*see e.g.*, Dkt. 70, 10-18);

   e. The argument that Plaintiffs' claim under the ATS fails under Rule 12(b)(6) because Plaintiffs have not plausibly alleged that any Defendant provided (1) practical assistance to Hamas which (2) had a substantial effect on the underlying crime, (3) with the purpose of facilitating that crime (*see e.g.* Dkt. 70, pp. 29-31);

   f. The argument that the new allegations against Co-Defendant Tarek Bazrouk fail to salvage Plaintiffs' claims, because:

      i. Even if they could plausibly allege he had some indirect contact with Hamas, they fail to allege any facts to show that Bazrouk acted as an intermediary to the Co-Defendants and only assert it in a summary form devoid of specific factual supports (*see e.g.*, Dkt. 70, pp. 3-4); and

      ii. They do not allege that Within Our Lifetime nor Nerdeen Kiswani, nor

      any other Defendant took any action based on information or guidance from Bazrouk, nor that Bazrouk had a directing or guiding role in any Defendant org such that his alleged intentions could be fairly imputed to his Co-Defendants (*see e.g.*, Dkt. 70, pp. 30-33);

  g. The argument that Defendants' alleged conduct—including the alleged conduct by Nerdeen Kiswani and Within Our Lifetime—is firmly protected by the First Amendment, because plaintiffs have failed to plausibly allege coordination with or direction by Hamas, rather than independent advocacy (*see e.g.* Dkt. 70, pp. 18-27);

  h. Co-Defendant Columbia-Barnard Jewish Voice for Peace's Motion to Strike and supporting arguments (Dkt. 70, pp. 35-41).

4. Having reviewed this declaration, I declare, under penalty of perjury, that the foregoing is true and correct.

DATED: August 4, 2025  
Brooklyn, New York

Respectfully submitted,

*/s/ Collin Poirot, Esq.*  
2603 Oak Lawn, Suite 300  
Dallas, TX 75219  
cpoirot.law@gmail.com  
(214) 392-2281

*Counsel for Nerdeen Kiswani*