**DANIEL J. AARON, P.C.**
ATTORNEY AT LAW
125 PARK AVENUE, 25th FL
NEW YORK, NEW YORK 10017
E-MAIL: danielaaron@djaaron.onmicrosoft.com

**DANIEL J. AARON**　　　　　　　　　　　　　　　　　　　　　　　　　TEL 212-684-4466
Admitted NY & CT　　　　　　　　　　　　　　　　　　　　　　　　　　　FAX 212-684-5566

September 5, 2025
Via ECF

Honorable Jeannette A. Vargas
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

　　　　Re: *Haggai v. Kiswani*, No. 1:25-cv-02400-JAV

Dear Judge Vargas,

　　　I represent the State of Iowa. The State of Iowa, supported by the states of Virginia, Alabama, Alaska, Arkansas, Florida, Georgia, Indiana, Kansas, Louisiana, Mississippi, Missouri, Montana, Nebraska, North Dakota, Oklahoma, Pennsylvania, South Carolina, Tennessee, Texas, and West Virginia (collectively "States") seek to file an amicus brief in support of Plaintiffs and opposing the motion to dismiss their claims. The Court should grant this motion because the proposed brief will provide information and analysis concerning the States' interest in allowing some of Plaintiffs' claims to proceed.[1]

　　　This case presents important matters of federal law that relate to statutes concerning terrorism. Many States have analogous statutes, and because there is a relative paucity of jurisprudence our Courts often rely on federal court interpretations to inform and persuade how to interpret our States laws.

　　　Federal district courts possess the inherent authority to accept amicus briefs, although there is no governing standard for filing such a brief in district court. *In re Terrorist Attacks on Sept. 11, 2001*, 2022 WL 2829691, at *1 (S.D.N.Y. Apr. 27,

---

[1] As a group of States, Amici are neither a corporation nor have parent corporations. No party's counsel authored this brief in whole or in part. No party or party's counsel made a monetary contribution to fund preparation or submission of this brief.

2022). The role of an amicus curiae is to present "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (quoting *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021). Indeed, federal district courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005); *see also In re Terrorist Attacks*, 2022 WL 2829691, at *1 (welcoming amicus support that "provides a valuable perspective that the Court would not otherwise have").

No Federal Rule or statute dictates how district judges decide petitions to appear as amicus curiae. But most courts "look to the Federal Rules of Appellate Procedure for guidance on permitting amicus briefs." *Friends of Animals v. United States Fish & Wildlife Serv.*, 2021 WL 4440347, at *1 (D. Utah 2021). The Federal Rules of Appellate Procedure allow a State to file an amicus brief "without the consent of the parties or leave of court." Fed. R. App. P. 29(a)(2). That rule reveals a strong policy preference for allowing States to provide their perspective and represent their interests.

Plaintiffs consent to this motion. Defendants oppose this motion.

Participation by the States will not delay the briefing or argument in this case. Amici are filing this brief within seven days of Plaintiffs' Response to the Motion to Dismiss. In accordance with the Court's Practice Standards the total length of this letter motion does not exceed four pages. The proposed memorandum of law is no longer than 25 pages and contains fewer than 8,750 words. *See* Local Rule 7.1(c); Judge Jeannette A. Vargas, Individual Rules and Practices in Civil Cases 5.A.

Because of the States's important role in our Constitutional order in our federalist system, the States have a unique perspective "that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). This Court would benefit from following the guidance of the Federal Rules of Appellate Procedure and granting the motion.

Respectfully submitted,

*Daniel Aaron*

Daniel J. Aaron, Esq.