**J. Pace Law, PLLC**

30 Wall Street, 8th Floor
New York, NY 10005
jpace@jpacelaw.com
(917) 336-3948

---

<u>**Via ECF**</u>                                                                          May 6, 2026

Hon. Jeannette A. Vargas
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

       *Re:*    *<u>Haggai et al. v. Kiswani et al.</u>*, <u>25-civ-2400(JAV)</u>

Dear Judge Vargas,

I write on behalf of all Defendants to request a stay of discovery and an adjournment of the Initial Pretrial Conference and accompanying deadlines pending resolution of Defendants motions to dismiss. In the alternative, Defendants request that the Conference be adjourned to a later date so that all defense counsel may attend in person.

The Initial Pretrial Conference is scheduled for May 26, 2026. ECF No. 117. No prior request for a stay or adjournment has been made. Plaintiffs consent to an adjournment of the Conference to a date on which all defense counsel can appear in person, but oppose a stay of discovery and adjournment of the Conference pending resolution of the motions to dismiss. No other appearances are currently scheduled.

## I.      Relevant Procedural History

Plaintiffs commenced this action on March 24, 2025, alleging that Defendants—principally student protestors and the student groups they allegedly led—aided and abetted Hamas's terrorist attacks abroad in violation of the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(d), and the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350. ECF No. 1. Plaintiffs filed the First Amended Complaint ("FAC") on May 29, 2025. ECF No. 36. On June 19, 2025, each Defendant moved to dismiss the FAC. ECF Nos. 52, 54, 57, 61. Plaintiffs then filed the Second Amended Complaint ("SAC") on July 14, 2025, adding Tarek Bazrouk as a defendant. ECF No. 66.

On August 3, 2025, all Defendants other than Bazrouk moved under Rule 12(b)(6) to dismiss the SAC in its entirety. Those motions have been fully briefed since October 17, 2025. ECF Nos. 70, 71, 75, 78, 99-102. On January 14, 2026, Defendants Alwan and Jones moved for sanctions. That motion has been fully briefed since February 4, 2026. ECF Nos. 107, 114. On March 10, 2026, Defendant Bazrouk moved under Rules 12(b)(1) and 12(b)(6) to dismiss the SAC

in its entirety. That motion has been fully briefed since March 30, 2026. ECF Nos. 118-21. Accordingly, every Defendant now has a fully briefed, dispositive motion pending.[1]

On February 11, 2026, the Court scheduled an Initial Pretrial Conference. ECF No. 117.

## II.    Good Cause Exists to Stay Discovery

Pursuant to Rule 26(c)(1), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Goldstein v. City Univ. of N.Y.*, 2025 U.S. Dist. LEXIS 262231, at *2 (S.D.N.Y. Dec. 3, 2025) (Vargas, J.) (internal quotation marks omitted). "Good cause is assessed through the application of the following three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id*. (cleaned up). All three factors weigh in favor of staying discovery.

*First*, Defendants have made a strong showing that Plaintiffs' claims are devoid of merit. *See Goldstein*, 2025 U.S. Dist. LEXIS 262231, at *3 (first factor "weighs in favor of a stay" where defendant "raises substantial arguments that Plaintiff has failed to state his claims"); *Levy v. Town of N. Hempstead*, 2012 U.S. Dist. LEXIS 133340, at *2-3 (E.D.N.Y. Sept. 18, 2012) (staying discovery where defendants "raise[d] substantive issues . . . [regarding] whether or not [there was] a viable action").

The gravamen of the SAC is that Defendants are part of "Hamas' propaganda arm in New York City and on the Columbia University campus," SAC ¶ 1, that they acted under the direction of American Muslims for Palestine ("AMP") and National Students for Justice in Palestine ("NSJP"), *id.* ¶¶ 54-66, and that they engaged in protest activities in New York City to "sway public opinion against Israel and toward Hamas." *Id.* ¶ 4. Three courts have now dismissed substantively identical ATA and ATS claims against pro-Palestinian protest groups. *See Shnaider v. Am. Muslims for Palestine*, 2026 U.S. Dist. LEXIS 38792 (M.D. Fla. Feb. 24, 2026) (dismissing ATA claim against AMP); *Parizer v. AJP Educ. Found., Inc.*, 2025 U.S. Dist. LEXIS 158917 (E.D. Va. Aug. 15, 2025) (dismissing ATA and ATS claims against AMP and NSJP); *Gerwaski v. Nev. ex rel. Bd. of Regents of the NV Sys. of Higher Educ.*, 2025 U.S. Dist. LEXIS 84645 (D. Nev. May 5, 2025) (dismissing ATA claim against AMP and the University of Nevada chapter of SJP).

The SAC suffers from all the same defects as these dismissed actions. To start, the activities that Plaintiffs characterize as "aiding and abetting" consist almost entirely[2] of First Amendment-

---

[1] Under Individual Rule 5(F), the non-Bazrouk Defendants should have notified the Court on December 16, 2025, that their motions had been fully briefed for 60 days; and Defendants Alwan and Jones should have provided the same notice, on April 5, 2026, with respect to their sanctions motion. Defendants apologize for that oversight.

[2] To be clear, any assaults alleged in the SAC fall outside the First Amendment's protection. But those assaults still cannot support an ATA aiding-and-abetting claim since they do not allege that

protected advocacy directed at a domestic audience, undertaken in public fora, about a matter of public concern. Courts have held time and again that these activities are shielded from tort liability. *See, e.g.*, Alwan MTD at 22-23 (ECF No. 72); Sanctions Motion at 8-9 (ECF No. 108).

Plaintiffs' ATA claims also fail for reasons unrelated to the First Amendment. To plead an ATA aiding-and-abetting claim, Plaintiffs must plausibly allege that the Defendants "consciously, voluntarily, and culpably participate[d]" in the terrorist attacks that injured them. *See Twitter, Inc. v. Taamneh*, 598 U.S. 471, 505 (2023). That, in turn, requires Plaintiffs to plausibly allege either (i) a "definable nexus" between the protest activities and the injury-causing attacks or (ii) that Defendants' aid to Hamas was "so systemic and pervasive that they can be held liable for all foreseeable acts of these organizations." *Troell v. Binance Holdings Ltd.*, 2026 U.S. Dist. LEXIS 46899, at *61 (S.D.N.Y. Mar. 6, 2026). Despite multiple opportunities to amend and a 92-page opposition, Plaintiffs have never been able to explain how student protests in New York City (or Bazrouk's assaults) furthered Hamas's terrorist attacks some 6,000 miles away in Gaza and Israel. Nor does the SAC allege that Defendants supplied *any* assistance to Hamas, much less the sort of "systemic and pervasive assistance" necessary to overcome the lack of a defined nexus. Even if Plaintiffs could overcome the aforementioned defects, their claim would fail for an additional reason: they do not allege any facts supporting the inference that Defendants participated in the protests to further Hamas's terrorist operations. To the contrary, Plaintiffs plead themselves out of a claim by alleging that the Defendants' aim was to influence domestic public opinion.

Plaintiffs' ATS claims fail for the same reasons. To state an ATS aiding-and-abetting claim, Plaintiffs must allege that Defendants "(1) provide[d] practical assistance to the principal which has a substantial effect on the perpetration of the crime, and (2) [did] so with the purpose of facilitating the commission of that crime." *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 259 (2d Cir. 2009). Plaintiffs, however, do not allege any assistance to Hamas's terrorist operations, much less "practical assistance." Nor, for reasons already explained, do they allege that Defendants' "purpose" in joining the protests was to facilitate the terrorist operations that injured Plaintiffs.

*Second*, discovery would impose substantial burdens on Defendants and cause irreparable First Amendment injuries. Plaintiffs' theory does not target a discrete transaction, communication, or act of alleged material support. Instead, it takes aim at Defendants' Israel/Palestine-related advocacy writ large. Plaintiffs assert that the Columbia chapters of Jewish Voice for Peace and Students for Justice in Palestine, Columbia University Apartheid Divest ("CUAD"), and Within Our Lifetime ("WOL") were part of an ill-defined "material-support enterprise" overseen by AMP/NSJP, *see, e.g.*, SAC ¶ 66, that they "heeded" Hamas's calls, *id.* ¶ 128, and that they acted as Hamas's domestic "public relations firm." *Id.* ¶ 230. Given the breadth of that theory, Plaintiffs' discovery requests will undoubtedly seek information about the student organizations'

---

they contributed to, facilitated, or bore any nexus to the international acts of terrorism that injured Plaintiffs in Gaza and Israel.

membership, internal communications, protest planning, social-media strategy, and relationships with other advocacy groups. While Plaintiffs have not yet propounded any discovery requests, they have already telegraphed their intent to use this lawsuit as a fishing expedition. See Opp. to Sanctions Mot. at 5 (ECF No. 110) (declaring that Plaintiffs are entitled to discovery into whether Defendant Jones chanted pro-Hamas slogans at a January 2026 rally or "stood without objection with others who did").

The First Amendment injuries would be immediate and concrete. Allowing discovery to commence would grant Plaintiffs the very relief they sought to obtain by filing this frivolous action—namely, the ability to impose substantial litigation costs and to probe Defendants' protected speech, membership, internal communications, and associational activity. Defendants should not be required to endure those burdens while dispositive motions challenging the legal sufficiency of the claims are pending. See *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 702 (11th Cir. 2016) ("[T]here is a powerful interest in ensuring that free speech is not unduly burdened by the necessity of defending against expensive yet groundless litigation."); *cf. AFL-CIO v. FEC*, 333 F.3d 168, 175 (D.C. Cir. 2003) ("compelled disclosure of political affiliations and activities can impose just as substantial a burden on First Amendment rights as can direct regulation.") (citing cases).

The chilling effects would reverberate far beyond the individual named Defendants. As the Supreme Court recently reiterated, the mere issuance of a demand for membership information may "discourage people from associating with groups engaged in protected First Amendment advocacy"—even before the "demand is enforced." *First Choice Women's Res. Ctrs., Inc. v. Davenport*, 608 U.S. __, 2026 U.S. LEXIS 1949, at *19 (Apr. 29, 2026) (cleaned up); *accord Ams. for Prosperity Found. v. Bonta*, 594 U.S. 595, 616 (2021); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1158 (9th Cir. 2010) (noting that "potential chilling effect on political participation and debate" caused by forced disclosure of internal communications concerning political campaign strategy is "substantial, even if the district court's error were eventually corrected on appeal from final judgment"). Permitting discovery here would likewise risk chilling other advocacy groups by signaling that protected speech may expose them to invasive discovery and crippling litigation expenses—even where the claims are ultimately found meritless.

*Third*, Plaintiffs face no prejudice if the Court grants a stay of discovery. This factor weighs in favor of a stay where, as here, the "litigation is still in its early stages," *Goldstein*, 2025 U.S. Dist. LEXIS 262231, at *4 (Vargas, J.), and where the plaintiff seeks primarily monetary damages. *Id.*; *accord Syensqo Specialty Polymers United States v. Arkema, Inc.*, 2026 U.S. Dist. LEXIS 96958, at *2 (S.D.N.Y. Apr. 30, 2026) (citing cases). Moreover, because the motions to dismiss have been fully briefed for several months, any stay will likely be brief. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) ("stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby" because court "intends to decide [dispositive] motion expeditiously"); *O'Sullivan v. Deutsche Bank AG*, 2018 U.S. Dist. LEXIS 70418, at *30 (S.D.N.Y. Apr. 26, 2018) ("[T]he passage of a reasonable amount of time, without

any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery.").

### III.    The Initial Pretrial Conference and Accompanying Deadlines Should Be Adjourned Pending Resolution of the Motions to Dismiss

Defendants also respectfully request that the Initial Pretrial Conference and accompanying deadlines be adjourned until after the Court resolves the pending motions to dismiss. The same considerations supporting a discovery stay also counsel in favor of adjournment. Moreover, if discovery is stayed, there will be no discovery schedule or discovery-related matters to address at the Conference; and given the legal defects in Plaintiffs' claims, Defendants do not intend to engage in settlement discussions or ADR proceedings prior to the Court's resolution of the motions.

In the alternative, Defendants request—with Plaintiffs' consent—that the Initial Pretrial Conference be adjourned to a future date. Several defense counsel have conflicts on the scheduled date and, as a result, cannot appear in person: Defendant Khalil's counsel, Amy Greer, has a hearing in a criminal matter out of state; Defendant Kiswani's counsel, Collin Poirot, will be in Texas for a family matter; and Defendant Bazrouk's counsel, Tyler Abboud, will be out of state on a vacation that was planned prior to the Court scheduling the Initial Pretrial Conference.

Respectfully submitted,

Joseph Pace