GreenbergTraurig

Richard A. Edlin
Vice Chairman
Tel 212.801.9200
edlinr@gtlaw.com

May 8, 2026

**VIA ECF**

Hon. Jeannette A. Vargas
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

     Re:    *Haggai et al. v. Kiswani et al.*, No. 25-cv-2400-JAV

Dear Judge Vargas:

On behalf of Plaintiffs, we write to respectfully oppose Defendants' application to stay discovery and to adjourn the May 26 initial pretrial conference until the dispositive motions are decided. ECF No. 126.

Discovery should not be stayed. "A motion to dismiss does not automatically stay discovery, and discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Dobbs v. Bank of N.Y. Mellon*, No. 25-cv-2114, 2025 WL 2382318, at *1 (S.D.N.Y. July 21, 2025) (Vargas, J.). To obtain a stay, the defendant has the burden to show good cause. *Id.* Courts evaluate this with reference to three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (internal quotation marks omitted). These factors do not support a stay.

*First*, Defendants have not made a strong showing that Plaintiffs' claims are unmeritorious. "A motion for a stay is not a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss ahead of motions on the Court's docket that have been longer pending." *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-cv-1581, 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023). "Therefore, this factor is not, and should not, be a way to obtain an initial ruling on the viability of Plaintiff's case." *Bennett v. Cuomo*, No. 22-cv-7846, 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023). A defendant seeking a stay typically meets this factor when "the complaint is facially without merit" or "the plaintiff has been unable to cite relevant authority in response to a defendant's challenge" and falls short when the plaintiff has "strong arguments" or when assessing "the merits of a plaintiff's case involves a fact-intensive analysis." *Id.* (internal quotation marks omitted); *accord, e.g.*, *Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., Inc.*, No. 25-cv-1260, 2025 WL 1616872, at *1 (S.D.N.Y. June 6, 2025) (Vargas, J.) (finding that this factor disfavors a stay where the issues were "in sharp dispute"). Here, Plaintiffs sufficiently

May 8, 2026
Page 2

allege the elements of their claims under the Antiterrorism Act and Alien Tort Statute, and Defendants' First Amendment defense fails because they coordinated their conduct with a terror group. *See* ECF No. 90 at 9–51 (Antiterrorism Act), 52–57 (Alien Tort Statute), 60–75 (First Amendment). These robust and well-supported arguments speak for themselves. Evaluating Plaintiffs' claims, moreover, will require close engagement with the detailed factual allegations.

As the Court has recognized, the first factor also disfavors a stay where, as here, the issues raised in a dispositive motion are "complex and may benefit from the anticipated discovery of documents that Plaintiffs aver are in Defendants' possession." *Dobbs*, 2025 WL 2382318, at *1. Plaintiffs allege that Defendants coordinated their activities with Hamas, a key issue relevant to multiple elements and defense. *E.g.*, ECF No. 66, ¶¶ 6, 9–11, 68–77, 91–128; ECF No. 90 at 29–31, 60–65. Documents proving as much are uniquely within Defendants' possession, and the allegations in the Complaint create a firm basis to believe they exist. Defendant Tarek Bazrouk, who is closely associated with the other Defendants, has significant ties to Hamas, has traveled to the West Bank and Jordan, and was "mad happy" to learn he has family in Hamas. ECF No. 66, ¶¶ 213–218, 220–21. The remaining Defendants are thoroughly enmeshed in AMP/NSJP, Hamas' de facto domestic propaganda firm. ECF No. 66, ¶¶ 5–6, 94–108; *see* ECF No. 90 at 25–29. Discovery of these matters will sharpen the issues for later adjudication.

Finally, Defendants' three case citations are readily distinguishable. Plaintiffs have already addressed the *Parizer* and *Gerwaski* decisions. *See* ECF No. 90 at 59–60, 73. Defendants' third case is no more persuasive. *See Schnaider v. Am. Muslims for Palestine*, No. 24-cv-1067, 2026 WL 984199, at *1 (M.D. Fla. Feb. 24, 2026) (dismissing a complaint against 234 defendants, including every SJP chapter in the nation, where the complaint was a "quintessential shotgun pleading" consisting of "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" (citation omitted)). Here, Plaintiffs' allegations focus on a narrow set of defendants who sit high in the AMP/NSJP hierarchy or have firm Hamas connections, and Plaintiffs have shown that their allegations firmly and directly support their claims. *See generally* ECF No. 90.

*Second*, Defendants fail to show any undue breadth or burden from discovery. This Court has found this factor disfavors a stay where, as here, "Plaintiffs have not yet served discovery requests" and the Court will be available to later "entertain any objections to individual discovery requests." *Dobbs*, 2025 WL 2382318, at *2 (internal quotation marks omitted). "[F]urther, some burden exists in all discovery and Defendants have not presented specific facts as to burden." *Id.* (alterations accepted and internal quotation marks omitted). Defendants' speculation that discovery requests will be overbroad is therefore unavailing.

Defendants' claims that discovery will burden their First Amendment rights do not move the needle. Whether Defendants have a valid First Amendment defense is a merits issue, not a burden of discovery issue. Plaintiffs have shown at length that the First Amendment does not shield Defendants' actions because they coordinated their conduct with a terror group. *See* ECF No. 90 at 60–65. Defendants are not entitled to a preliminary determination on their constitutional defense in the guise of seeking to stay discovery. *See Bennett v. Cuomo*, 2023 WL 2021560, at *2. If Defendants believe that any individual discovery request implicates a First Amendment concern,

May 8, 2026
Page 3

they are free to raise it with the Court. Tellingly, none of Defendants' case citations even considers a stay application, much less issues a discretionary stay pending resolution of a motion to dismiss. *See, e.g.*, *First Choice Women's Res. Ctrs. v. Davenport*, No. 24-781, 2026 WL 1153029 (U.S. Apr. 29, 2026) (evaluating standing to object to constitutionality of subpoena); *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 707 (11th Cir. 2016) (holding that complaint "fails to state a claim under the First Amendment"); *Perry v. Schwarzenegger*, 591 F.3d 1147, 1152 (9th Cir. 2010) (evaluating whether specific discovery requests sought protected information).

*Third*, a stay risks unfairly prejudicing Plaintiffs because evidence may be lost and one Defendant is reasonably likely to become unavailable. Some important evidence has already been lost: in August 2024, Columbia SJP's Instagram account, which published multiple relevant posts, was permanently deleted. *E.g.*, ECF No. 66 ¶¶ 29, 105, 119. Since this action started, moreover, Defendant Alwan graduated from Columbia, and Defendant Jones will follow suit in a matter of weeks.[1] Common experience teaches that relevant evidence may be misplaced or lost in the transition. Finally, Defendant Khalil is involved in immigration proceedings that may well result in his removal from the United States.[2] In these circumstances, it is imperative that discovery proceed. Even without these case-specific considerations, a stay necessarily causes some harm Plaintiffs' "inherent interest in proceeding expeditiously." *See Coccaro v. Barnard Coll.*, No. 23-cv-3809, 2023 U.S. Dist. LEXIS 192054 (S.D.N.Y. Oct. 26, 2023).

The Court should also reject Defendants' proposal to adjourn the initial pretrial conference until after the dispositive motions are decided. ECF No. 122-1 at 5. Because the result of an initial conference is a discovery order, that relief is equivalent to a stay of discovery and should be denied for the reasons stated.

Instead, the initial pretrial conference should proceed in due course. Conferences promote the "orderly and expeditious disposition of cases," *Werner v. Complex Media, Inc.*, No. 19-cv-10094, 2020 WL 1435180, at *1 (S.D.N.Y. Mar. 24, 2020), and early "judicial guidance" can prevent cases from "becom[ing] mired in discovery." Fed. R. Civ. P. 16, 1983 advisory committee note. This is a complex case with substantial claims and numerous parties and pending motions. An in-court conference would give the parties the opportunity to introduce the case, discuss the pending motions, and answer any questions the Court may have. It will also facilitate the entry of a workable discovery schedule and plan. Plaintiffs do, however, consent to adjourning the conference to a time when all Defendants can attend in person.

Accordingly, Defendants' applications should be denied.

---

[1] Columbia Spectator, "Maryam Alwan, GS '25, on heritage, humor, and having no regrets," https://www.columbiaspectator.com/news/2025/05/09/maryam-alwan-gs-25-on-heritage-humor-and-having-no-regrets/ (May 9, 2025); Columbia Spectator, "In Columbia's varying responses to student detainments, the question of a 'Palestine exception' lingers," https://www.columbiaspectator.com/news/2026/03/04/in-columbias-varying-responses-to-student-detainments-the-question-of-a-palestine-exception-lingers/ (Mar. 4, 2026).

[2] The Hill, "Immigration board denies Mahmoud Khalil Appeal," https://thehill.com/homenews/education/5825433-mahmoud-khalil-bia-removal-order/ (Apr. 10, 2026).

May 8, 2026
Page 4

Respectfully submitted,

/s/ *Richard A. Edlin*

Richard A. Edlin

**Greenberg Traurig, LLP | Attorneys at Law**

One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com