UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                    :
IRIS WEINSTEIN HAGGAI, on her own behalf            :
and on behalf of JUDY LYNNE WEINSTEIN              :
AND GAD HAGGAI, et al.,                             :          25-CV-2400 (JAV)
                                                    :
                            Plaintiffs,             :          MEMORANDUM
                                                    :          OPINION AND ORDER
          -v-                                       :
                                                    :
NERDEEN KISWANI, individually and as the            :
representative of WITHIN OUR LIFETIME-              :
UNITED FOR PALESTINE, et al.,                       :
                                                    :
                            Defendants.             :
-------------------------------------------------------------------- X

JEANNETTE A. VARGAS, United States District Judge:

    Plaintiffs filed this suit under the Antiterrorism Act ("ATA"), 18 U.S.C. §

2333(d), and the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350.  ECF No. 66 ("Sec.

Am. Compl.").  Each of the Defendants in this case has a fully briefed pending

motion to dismiss the Second Amended Complaint.  *See* ECF Nos. 70, 71, 75, 78,

119.  Defendants have now moved for a stay of discovery pending the resolution of

these motions to dismiss.  ECF No. 126   For the reasons stated below, the motion to

stay discovery is GRANTED.

## BACKGROUND

    Plaintiffs in this action are alleged victims of Hamas, a terrorist organization

with the goal of destroying the State of Israel.  Sec. Am. Compl., ¶ 2.  The catalyst of

this action are the terrorist attacks of October 7, 2023, when Hamas led an

incursion into Southern Israel and murdered more than 1,200 people. *Id.*, ¶ 7. In addition to the lives lost, Hamas took more than 200 hostages back to Gaza. *Id.*

Defendants largely consist of pro-Palestine student organizations and organizers at Columbia University, who Plaintiff allege serve as "Hamas' propaganda arm in New York City and on the Columbia University campus." *Id.*, ¶ 1. Plaintiffs allege that Defendants provided knowing assistance to Hamas in the nature of public statements of encouragement and support, distribution of Hamas propaganda to sway public opinion, and hosting rallies on the Columbia campus, such as by organizing a takeover of the Columbia campus by a "Gaza Solidarity Encampment." *See, e.g., id.*, ¶¶ 139-55, 229-31.

The U.S. Plaintiffs claim that Defendants are liable under the ATA for aiding and abetting Hamas in the October 7 attacks, the taking of hostages, rocket attacks against civilians, and attacks on Israeli soldiers, through the provision of propaganda services, recruiting services, and acts of violence. *Id.*, ¶¶ 235-39. The Israeli Plaintiffs claim that Defendants are liable under the ATS for aiding and abetting Hamas in committing crimes against humanity. *Id.*, ¶¶ 254-62.

## DISCUSSION

A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of good cause a district court has considerable

2

discretion to stay discovery." *Id.* (quoting *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)).  Good cause for a stay of discovery while a motion to dismiss is pending is assessed through the application of the following three factors:  "whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Nielsen Co. (US) LLC v. TVSquared LTD*, No. 23-CV-1581 (VSB), 2023 WL 4363005, at *1 (S.D.N.Y. July 6, 2023); *see also Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018).  "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery.  *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

The Court finds that there is good cause to stay discovery in this matter.  As to the first prong, the Court does not prejudge the resolution of the pending motions to dismiss but does recognize that Defendants raise substantial arguments regarding the First Amendment implications of these claims.  Moreover, at least two courts have previously granted motions to dismiss ATA claims based upon substantially similar allegations, on the grounds that such allegations did not establish the requisite nexus between the alleged conduct and the terrorist attacks that injured the plaintiffs.  *See Shnaider v. American Muslims for Palestine*, No. 24-CV-01067-MSS-SPF, 2026 WL 984199, at *4 (M.D. Fla. Feb. 24, 2026); *Parizer v. AJP Educ. Found., Inc.*, No. 24-CV-724 (RDA/IDD), 2025 WL 2382933, at *20 (E.D.

Va. Aug. 15, 2025).  Finally, Defendants Mahmoud Khalil and Maryam Alwan have contested this Court's exercise of personal jurisdiction over them and Columbia University Apartheid Divest and Columbia Students for Justice in Palestine in their motions to dismiss on Rule 12(b)(5) grounds.  ECF Nos. 71, 78.

More importantly, given the large number of Plaintiffs and Defendants and the breadth of the claims asserted in this case, discovery in this action is likely to be voluminous and burdensome.  *See, e.g.*, *HAHA Glob., Inc. v. Barclays*, No. 19-CV-04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020).  If discovery is not stayed, the parties could engage in expensive litigation which could be rendered moot if the Court grants the motions to dismiss.  The Court is also mindful that, in this context, where there are potential defenses rooted in First Amendment freedom of speech and association, the expense and burden of defending against a potentially meritless lawsuit could itself chill First Amendment rights.  *Cf. Dfinity Found. v. New York Times Co.*, 702 F. Supp. 3d 167, 173 (S.D.N.Y. 2023), *aff'd,* No. 23-7838, 2024 WL 3565762 (2d Cir. July 29, 2024) (in defamation context, "Rule 12(b)(6) not only protects against the costs of meritless litigation, but provides assurance to those exercising their First Amendment rights that doing so will not needlessly become prohibitively expensive").

Plaintiffs' arguments regarding potential prejudice are not persuasive.  This action is in its early stages, and the only form of relief sought is monetary damages, which suggests that Plaintiffs would not be prejudiced by a stay of discovery. Plaintiffs argue that evidence could be lost if discovery is delayed, as Defendant

4

Alwan has already graduated from Columbia University.  ECF No. 127 at 3.  Yet Defendants are under obligations to preserve relevant evidence.  And if any evidence was to be lost as a result of Alwan's graduation, *id.*, presumably that would have already occurred.  Plaintiffs also argue that they would be prejudiced if Defendant Khalil is removed from the United States in the near future.  Plaintiffs do not set forth any specific prejudice that would result if that were to occur, but in any event, the remaining factors weigh substantially in favor of a stay of discovery.

### CONCLUSION

Accordingly, Defendants' motion to stay discovery is GRANTED.  The initial case management conference scheduled for May 26, 2026, and the deadline for submission of a proposed case management plan is adjourned sine dia.

The Clerk of the Court is respectfully directed to terminate ECF No. 126.

SO ORDERED.

Dated:  May 11, 2026
     New York, New York

_____
   JEANNETTE A. VARGAS
  United States District Judge