November 10, 2026

**Via ECF**
Hon. Jeannette A. Vargas
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: Supplemental Authority Relevant to Defendants' Motions to Dismiss the Second Amended Complaint in *Haggai, et. al. v. Kiswani, et. al.* (1:25-cv-02400-JAV)

Dear Judge Vargas:

The undersigned represent the defendants ("Defendants") in the above-captions action. We write to inform the Court of three decisions that have been issued since Defendants filed their Motions to Dismiss the Second Amended Complaint, which provide additional support to the arguments raised in Defendants' briefs.

On June 23, 2026, the Supreme Court reversed the Ninth Circuit Court of Appeals in *Cisco Systems, Inc. v. Doe 1*, holding that "courts may not create new causes of action for violations of international norms" under the Alien Tort Statute, 28 U.S.C. § 1350. *Cisco Systems, Inc. v. Doe 1*, 609 U.S. 141, 145 (2026). The Court reasoned that: "[i]n the ATS context, there will always be at least a 'single sound reason' to conclude that Congress might not want the judiciary to take the lead" in fashioning new private causes of action. *Id.* at 154. The Court therefore definitively "close[d] the door that *Sosa* cracked to judicially created ATS liability" and held that the only causes of action available under the ATS are the "Blackstone three" (the customary norms against offenses against ambassadors, piracy, and violations of safe conduct). *Id.* at 155-56 (referencing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 720 (2004)). This ruling directly forecloses Plaintiffs' ATS claim by depriving the court's jurisdiction to reach their novel cause of action. *See, e.g.,* ECF 70 at 33; ECF 75-1 at 1; ECF 80 at 31-31; ECF 82 at 1; ECF 101 at 30-31; ECF 119 at 24-27.

On September 29, 2026, this Court issued an order in *Naftali Moses, et. al., Plaintiffs v. BNP Paribas, S.A., Defendant*, in which it granted a motion for reconsideration and dismissed the plaintiffs' aiding and abetting claim under the Anti-Terrorism Act ("ATA), 18 U.S.C. § 2333(d)(2). *Naftali Moses, et. al., Plaintiffs v. BNP Paribas, S.A., Defendant*, 2026 WL 2925874 (S.D.N.Y., Sept. 29, 2026). In *Moses*, the plaintiffs alleged that the defendant intentionally and systematically provided banking services for known terrorism financiers, contributing to terrorism infrastructure used by the group that harmed them. *Id.* at *5. The Court nonetheless

held that plaintiffs failed to sufficiently plead a "concrete nexus" between the alleged assistance by the defendant and the specific acts of terrorism that harmed them, and that the generalized assistance alleged by plaintiffs was "both attenuated and lack[ed] connections to the discrete acts that [the p]laintiffs [sought] a remedy for." *Id.* at *5. This holding provides additional support for Defendants' argument that Plaintiffs' here have failed to allege a concrete nexus between the alleged propaganda services provided by Defendants on the one hand, and the specific Hamas operations that allegedly harmed Plaintiffs on the other. *See e.g.*, ECF 70 at 19; ECF 72 at 27-28; ECF 75-1 at 1; ECF 80 at 25-29; ECF 82 at 1; ECF 101 at 11-16, 18-20; ECF 119 at 33-34.

The *Moses* court also held that although the plaintiffs alleged that the defendant had provided routine, intentional, and systematic assistance to terrorism infrastructure, they nonetheless failed to plausibly plead a "near-common enterprise" sufficient "to obviate the need" for such a nexus. *Moses*, 2026 WL 2925874, *6 (citing *Twitter*, 598 U.S. at 495; *Halberstam v. Welch*, 705 F.2d 472, 488 (D.C. Cir. 1983). The *Moses* court described the "high bar" required for an aiding and abetting claim based on systemic and pervasive assistance absent a concrete nexus, and distinguished the plaintiffs' allegations from the facts in *Halberstam* because in *Halberstam*, the alleged aider and abettor provided assistance that the primary tortfeasor "would have relied on" "each and every" time he engaged in the underlying tort. *Id.* This holding provides additional support for Defendants' argument that Plaintiffs have failed to plausibly allege that Defendants engaged in a near-common enterprise with Hamas through their speech and protests in the United States, and that a concrete nexus is therefore required. *See e.g.,* ECF 70 at 20-21; ECF 72 at 26-28; ECF 75-1 at 1; ECF 80 at 25-29; ECF 82 at 1; ECF 101 at 11-16, 18-20; ECF 121 at 6-8.

Finally, on October 2, 2026, the Fourth Circuit Court of Appeals affirmed the dismissal of the plaintiff's aiding and abetting claim under the ATA in *Parizer v. AJP Educational Foundation, Inc.*, 2026 WL 2969882, *1 (4th Cir. 2026). In *Parizer*, the plaintiffs brought a strikingly similar aiding and abetting claim against other entities active within the Palestine solidarity movement, and alleged "that defendants and related entities provided longstanding material support to Hamas in the form of propaganda, recruitment, and financial assistance" and that "following the October 7 attack, defendants operationalized Hamas' messaging and mobilization efforts." *Id.* The circuit court found no reversible error in the district court's holding that these allegations failed to "sufficiently connect defendants' alleged conduct to the October 7 attack" to plead a claim under either the ATA (18 U.S.C. § 2333(d)) or the ATS (28 U.S.C. § 1350), and affirmed dismissal. *Id.* This decision provides additional support for Defendants' arguments that the *Parizer* case compels dismissal in this instance as well. *See e.g.*, ECF 70 at 32-33; ECF 72 at 14-17; ECF 75-1 at 1; ECF 82 at 1; ECF 101 at 11-16, 18-20.

Dated: November 10, 2026 Respectfully Submitted,

Bina Ahmad (admitted *pro hac vice*)
Dan Stormer (admitted *pro hac vice*)
Hanna Chandoo (admitted *pro hac vice*)
Hadsell Stormer Renick & Dai LLP
128 N. Fair Oaks Ave.
Pasadena, CA 91103
626.585.9600
bahmad@hadsellstormer.com
dstormer@hadsellstormer.com
hchandoo@hadsellstormer.com

*Counsel for Columbia-Barnard A Jewish Voice for Peace*

Joseph Pace
J. Pace Law PLLC
30 Wall Street, 8th Floor
New York, NY 10005
Tel: (917) 336-3948
jpace@jpacelaw.com

*Counsel for Maryam Alwan and Cameron Jones*

Abdel-Rahman Hamed
Hamed PLLC
1215 31st St. NW # 25085
Washington, DC 20027
(202) 888-8846
abdelrahman@hamedlaw.com

Tyler D. Abboud
685 Third Avenue
18th Floor
New York City, NY 10038
(720) 252-9782
tyler.abboud25@gmail.com

*Counsel for Tarek Bazrouk*

*/s/ Collin Poirot*
Collin Poirot, Esq.
2603 Oak Lawn Ave., Ste. 300
Dallas, TX 75219
(214) 392-2281
cpoirot.law@gmail.com

Jonathan Wallace, Esq.
PO #728
Amagansett, NY 11930
(917) 359-6234
jonathan.wallace80@gmail.com

*Counsel for Nerdeen Kiswani*

Joshua L. Dratel
Amy E. Greer
Dratel & Lewis
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707
jdratel@dratellewis.com

*Counsel for Mahmoud Khalil*